UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL COLLIER,

    Plaintiff,

v.                                Case No.:   5:21-cv-2-SPC-PRL

FNU ANTINELLI, *et al.*,

    Defendants.
_____/

### **ORDER**[1]

Before the Court is pro se Plaintiff's Motion for Dismissal (Doc. 13), which the Court liberally construes as a motion for reconsideration. *See United States v. Cordero,* 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). Plaintiff voluntarily dismissed his case before service (Doc. 11). While the dismissal filing said, "with prejudice," (Doc. 11 at 1), the Court liberally construed Plaintiff as seeking dismissal without prejudice. So the Court dismissed without prejudice and closed the case (Doc. 12).

Now, Plaintiff says he "requested a dismissal <u>with prejudice</u>, not with prejudice." (Doc. 13 at 1). If the Court will not give "<u>a dismissal with</u>

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

prejudice," Plaintiff wants a Court-appointed lawyer to proceed with this case because he paid the fees and the "case is not frivolous [sic]." (Doc. 13 at 1).

Following Rule 59(e), reconsideration may be proper to correct "manifest errors of law or fact." *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019). It may also be appropriate to account for intervening changes in law and newly discovered (or previously unavailable) evidence. *Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020). And a 59(e) motion might fit "if there is a need to correct a manifest injustice." *E.g.*, *LLC SPC Stileks v. Rep. of Mold.*, 985 F.3d 871, 882 (D.C. Cir. 2021). Ultimately, the decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted).

Courts grant reconsideration sparingly, and these are not chances to "relitigate old matters." *See Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059-60 (11th Cir. 2020) (citation omitted). Nor will courts "address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703. "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Matej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citation omitted).

Plaintiff did not meet his burden to show reconsideration is needed. In fact, a dismissal without prejudice—which the Court ordered—is in Plaintiff's

best interest. Because Plaintiff failed to demonstrate any reason to reconsider the Court's Order, the Motion is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Dismissal (Doc. 13)—liberally construed as a motion for reconsideration—is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 14, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record